IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GLENN JOHNSON, | ) |
| | ) |
| Plaintiff, | )   Case No.: |
| | ) |
| v. | ) |
| | ) |
| BRIAN HOLYK, D.O., BRADENTON | ) |
| CARDIOLOGY CENTER, P.A. and | ) |
| EXPRESS SCRIPTS, INC, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

For its Notice of Removal, Defendant Express Scripts, Inc. ("ESI") states as follows:

1. ESI exercises its rights under the provisions of 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. § 1446, and 28 U.S.C. § 1331 to remove this case from the Circuit Court of Manatee County, Florida.

**I.     THE STATE COURT ACTION**

2. On or about November 10, 2021, a civil action was filed in the 12th Judicial Circuit in and for the County of Manatee, State of Florida, Circuit Civil Division under the name and style of *Glenn Johnson v. Brian Holyk, D.O., et al.*, Case No. 2021-CA-4650 ("Circuit Court Case"). A copy of the Circuit Court Case file, including Plaintiff's Complaint and the Summons, is attached hereto and incorporated by reference as **Exhibit A**.

#46238512 v1

3. ESI was served with the Summons and Plaintiff's Complaint on December 3, 2021. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C), this Notice of Removal is filed within 30 days after service of the Complaint on ESI and is, therefore, timely.

4. The gravamen of Plaintiff's allegations is that Express Scripts negligently delayed his prescription benefits to which he claims he was entitled to under his prescription benefits plan.

## II. FEDERAL QUESTION JURISDICTION

5. Express Scripts exercises its right to remove this case to federal court because it involves claims by Plaintiff to recover benefits and enforce rights under an employee benefit plan which is governed by ERISA and, thus, presents a federal question under 28 U.S.C. §§ 1331 and 1441.

6. Federal question jurisdiction exists under the terms of ERISA and because section 502(a) of ERISA completely preempts state law claims concerning benefit determinations under an ERISA plan. *See, e.g.*, *Serum v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 197–98 (11th Cir. 1992); *see also*, *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-67, 107 S.Ct. 1542 (1987).

7. Section 502(a) of ERISA provides, in relevant part, as follows:

(a) A civil action may be brought—

(1) by a participant or beneficiary—

#46238512 v1

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ….

29 U.S.C. § 1132(a)(1)(B).

8. Section 502(a) of ERISA completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause of action "conflicts with the clear congressional intent to make the ERISA remedy exclusive." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[I]f an individual, at some point in time, could have brought his claim under ERISA [section] 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA [section] 502(a)(1)(B)." *Id.* at 210.

9. As a result, complete preemption under Section 502(a) is an exception to the well-pleaded complaint rule, and a defendant may remove a case to federal court where, as here, the complaint does not expressly plead a claim under federal law, so long as the plaintiff asserts a state law cause of action that duplicates, supplements, or supplants ERISA's comprehensive enforcement scheme. *Id.* at 207-08.

10. It does not appear from the face of the Complaint that Plaintiff alleges any state law claims which are not preempted by ERISA. However, to the extent Plaintiff does, or may do so in the future, this Court would have jurisdiction over such claims because they would be subject to this Court's supplemental jurisdiction. State law claims which arise out of the "same case or controversy" as a federal claim are

#46238512 v1

subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and removal is proper under 28 U.S.C. § 1441(a).

### A. ERISA Governs Plaintiff's Primary Health Plan.

11. ERISA's provisions apply to any "employee benefit plan" that is "established or maintained … by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). ERISA defines an "employee benefit plan" as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA, in turn, defines an "employee welfare benefit plan" as "any plan, fund, or program … established or maintained by an employer … for the purpose of providing … medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

12. Here, Plaintiff receives health insurance coverage through his employer, PepsiCo, Inc. (the "Plan"). Express Scripts is the pharmacy benefit manager for the Plan. At all relevant times, Plaintiff was a beneficiary of the Plan. The Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) because it is established and maintained by PepsiCo, Inc.

### B. ERISA Preempts Plaintiffs' Claims.

13. Plaintiff's causes of action are based on the allegations that Express Scripts failed to authorize the prescription for his blood-thinning medications. In other words, Plaintiff's claims are based on Express Scripts' alleged failure to grant prior authorization and/or pay benefits for the prescription. Such allegations arise out of, and necessarily depend upon, Plaintiff's rights and obligations under the Plan, which,

4

as demonstrated above, is an "employee benefit plan" governed by ERISA. Thus, Plaintiff's only recourse is a claim under ERISA Section 501(a)(1)(B), and no other independent legal duty is implicated by the allegations in the Complaint. *Davila*, 542 U.S. at 210.

14. ERISA provides the exclusive remedy for this action, and Plaintiff cannot avoid complete preemption by styling his claim as a state law cause of action. *Id.* at 209; *see also Land v. CIGNA Healthcare of Florida*, 381 F.3d 1274 (11th Cir. 2004) (ERISA preempted the plaintiff's state law claims alleging the defendant was negligent in providing care and treatment).

15. Because Plaintiff's cause of action "derives entirely from the particular rights and obligations established by" the Plan, ERISA section 502(a) completely preempts those claims. *Davila*, 542 U.S. at 213. Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

### III.   COMPLIANCE WITH REMOVAL STATUTE AND LOCAL RULES

16. In accordance with 28 U.S.C. § 1446(a), Express Scripts files this Notice of Removal in the U.S. District Court for the Middle District of Florida, Tampa Division, because the 12th Judicial Circuit Court, County of Manatee, Florida is located in this federal judicial district and division.

17. In accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06, Express Scripts has attached to this Notice of Removal a copy of all process, pleadings, and orders from the State Court Action and a separate copy of the operative Complaint. *See* **Exhibit A**.

18.	In accordance with 28 U.S.C. § 1446(a), counsel for Express Scripts has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

19.	In accordance with 28 U.S.C. § 1446(a)(2)(A), all properly served defendants consent to this removal. *See* **Exhibit B**, attached hereto.

20.	In accordance with 28 U.S.C. § 1446(b)(1), Express Scripts files this notice of Removal within thirty days of Express Scripts' receipt of the Summons and the Petition for Damages on December 3, 2021.

21.	In accordance with 28 U.S.C. § 1446(d), Express Scripts has provided notice of this filing to Plaintiff and will file a copy of this Notice of Removal in the Twelfth Judicial Circuit Court, County of Manatee, Florida. *See* **Exhibit C**, attached hereto.

IV.	**NO WAIVER OF DEFENSES**

22.	In filing this Notice of Removal, Express Scripts does not waive any defenses that may be available, including without limitation, jurisdiction, venue, or right to transfer. Express Scripts does not admit any of the factual allegations in the complaint; rather, Express Scripts expressly reserves the right to contest those allegations at the appropriate time.

## V.  CONCLUSION

23. Based on the foregoing, the action is removable from the 12th Judicial Circuit Court, County of Manatee, Florida to this Court, pursuant to 28 U.S.C. § 1332(a), 1332, and 1441(a).

WHEREFORE, Express Scripts, Inc. respectfully requests that the above-described State Court Action be removed from the 12th Judicial Circuit Court, County of Manatee, State of Florida to the U.S. District Court for the Middle District of Florida; that no further proceedings be held in the 12th Judicial Circuit Court of Manatee County, State of Florida; and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

GRAY ROBINSON, P.A.

By: /s/ Shari Gerson
Shari Gerson, Esq.
Florida Bar No. 017035
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone:  (954) 761-8111
Facsimile:  (954) 761-8112
shari.gerson@gray-robinson.com

-and-

Michael P. Nolan,* (#54048 MO)
Tanya M. Maerz,* (#63987 MO)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Phone: 314.480.1500
Fax: 314.480.1505
michael.nolan@huschblackwell.com
tanya.maerz@huschblackwell.com

*to be admitted *pro hac vice*

*Counsel for Defendant, Express Scripts, Inc.*

#46238512 v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2022, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was provided by email to: Steven J. Zaloudeck, Esq., Maney & Gordon, P.A., 101 East Kennedy Boulevard, Suite 1700, Tampa, Florida 33602, Tel: 813-221-1366, Fax: 813-223-5920, Email: s.zaloudek@maneygordon.com, a.luke@maneygordon.com, *counsel for Plaintiff*; and Derek Bush, Esq., Rissman, 1 North Dale Mabry Highway, Tampa, Florida 33609, Tel: 813-221-3114, Email: derek.bush@rissman.com, counsel for Defendants Brian Holyk, D.O., and Bradenton Cardiology Center, P.A.

> By: /s/ Shari Gerson
> Shari Gerson, Florida Bar No. 017035
> GRAY ROBINSON, P.A.
> 401 East Las Olas Boulevard, Suite 1000
> Fort Lauderdale, Florida 33301
> Telephone: (954) 761-8111
> Facsimile: (954) 761-8112
> shari.gerson@gray-robinson.com
> *Counsel for Defendant, Express Scripts, Inc.*

9

#46238512 v1